UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

*********************************************************************************

| | | |
|---|---|---|
| PETER SZANTO, | * | CIV 18-00044 |
| Plaintiff, | * | |
| vs. | * | MEMORANDUM OPINION |
| | * | AND ORDER |
| UNITED STATES TRUSTEE, | * | |
| Defendant. | * | |

*********************************************************************************

Six Motions are pending before the Court in this case.

## I. Introduction

This case concerns an Oregon Chapter 7 bankruptcy case filed in the District of Oregon by Peter Szanto ("**Plaintiff**"). The United States Trustee ("**Trustee**") filed a Complaint for Denial of Discharge [ECF No. 08-6] ("**Denial of Discharge**") based on allegations of concealment and false statements by Plaintiff. After filing its complaint, the Trustee issued subpoenas for Plaintiff's financial records from known accounts. One such subpoena was issued to Citibank in South Dakota [ECF No. 01-2] [ECF No. 08-3] ("**Citibank Subpoena**"). In response to this subpoena, Plaintiff filed, pro se, a Motion to Quash in the District of South Dakota [ECF No. 01] ("**Motion to Quash**"). Later, he also filed a Motion for Withdrawal of Bankruptcy Reference [ECF No. 18] ("**Motion for Withdrawal**"), seeking to remove his entire Chapter 7 bankruptcy to the South Dakota District Court. Similar motions—both to quash and to remove the originating bankruptcy case—have also been filed in the Southern District of Indiana (case no. 1:18-mc-00061) and the Southern District of Ohio (case no. 1:18-mc-00023).

## II. Background

### A. Oregon Bankruptcy Proceeding

On August 16, 2016, Plaintiff filed a voluntary petition for chapter 11 bankruptcy in the District of Oregon (case no. 3:16-bk-33185). Chapter 11 Voluntary Petition Filed by Peter Szanto [Or. Bankr. ECF No. 2]. On December 5, 2017, the bankruptcy court entered an order converting the chapter 11 case to a chapter 7 bankruptcy. Order Converting Chapter 11 Case to Case Under Chapter 7 [Or. Bankr. ECF No. 278]. Following the conversion order, Trustee alleges that Plaintiff

transferred over $350,000 to overseas accounts, in violation of the order. Declaration of Chapter 7 Trustee Regarding Debtor's Compliance [Or. Bankr. ECF No. 394].

On March 5, 2018, Trustee filed a complaint for denial of discharge, alleging concealment of monies and fraud on the court and initiating an adversary proceeding (case no. 3:18-bk-3022) against Plaintiff. Denial of Discharge [ECF No. 08-6] [Or. Bankr. ECF No. 410].

Plaintiff has repeatedly filed motions with the court to dismiss his bankruptcy case, to convert it to a chapter 11 or chapter 13 bankruptcy, and to disqualify Judge Peter McKittrick due to perceived bias. *See, e.g.*, Motion to Dismiss or Convert Chapter 7 Proceeding [Or. Bankr. ECF No. 384], Feb. 2, 2018; Motion for Disqualification of Honorable Judge Peter C. McKittrick [Or. Bankr. ECF No. 501], May 22, 2018. Judge McKittrick has described these as "Debtor's long-standing efforts to avoid the consequences of the conversion of this case to chapter 7, all of which efforts this court has denied." Order Denying Doc. 970 [Or. Bankr. ECF No. 973] at 2.

As of June 19, 2020, Plaintiff's bankruptcy and the resultant adversary case are still pending in Oregon bankruptcy court. *See* Certificate of Notice [Or. Bankr. ECF No. 996].

      **B.**    **South Dakota Subpoena**

After initiating its adversary proceeding, the Trustee issued 19 subpoenas to various banks and financial institutions in order to gather information about the accounts and credit cards used by Plaintiff before and during his bankruptcy case. United States Trustee's Objection to Plaintiff's Motion to Quash Subpoena [ECF No. 8] ("**Objection to Motion to Quash**") at 3. The Trustee sent a Notice of Subpoena with the subpoenas attached on September 12, 2018. *Id.* The Trustee then served the subpoenas on the financial institutions and sent copies of the subpoenas to Plaintiff on September 13, 2018. *Id.*

One such subpoena was issued to Citibank's office in Sioux Falls, South Dakota. *See* Citibank Subpoena [ECF No. 1-2] [ECF No. 8-3].

      **C.**    **Oregon Motion to Quash**

On September 24, 2018, Plaintiff filed a motion to quash the Citibank subpoena with the Oregon Bankruptcy Court. Motion to Quash Subpoena to Citibank [ECF No. 8-11] [Or. Bankr. ECF No. 76] ("**Oregon Motion to Quash**"). The motion was denied without prejudice to allow refiling in compliance with Fed R. Civ. P. 45, which requires that a motion to quash a subpoena be filed in "the court for the district where compliance is required." Order Denying Motion to Quash [ECF No.

8-12] [Or. Bankr. ECF No. 91].

### D.  South Dakota Motion to Quash

On October 3, 2018, Plaintiff filed a motion to quash before this Court. Motion to Quash [ECF No. 1]. In substance, the motion is identical to the one previously filed before the Oregon Bankruptcy Court. On November 13, 2018, this Court ordered that the United States Trustee serve and file a response. Order [ECF No. 5] at 2. On November 29, 2018, the Trustee filed a response with the Court. United States Trustee's Objection to Motion to Quash Subpoena [ECF No. 8].

As of November 29, 2018, Citibank had not responded to the Citibank Subpoena, and the Trustee had instructed Citibank not to produce the requested documents until this Court has ruled on the Motion to Quash. Objection to Motion to Quash at 4.

### III.  Pending Motions

### A.  Motion to Quash

The primary argument of Plaintiff's motion to quash is that Plaintiff was not properly served with a notice and copy of the subpoena in accordance with Fed. R. Civ. P. 45. Motion to Quash at 5. Specifically, Plaintiff takes issue with the fact that the copy of the subpoena sent to him prior to its service upon Citibank was accompanied by a blank Proof of Service form. *Id.* at 5–6; Subpoena Cover Letter [ECF No. 1-1]; Subpoena Proof of Service [ECF No. 1-3]. Plaintiff alleges that, because this form is blank, "there is no indication that the subpoena was ever served on anyone." Motion to Quash at 6. Because of this, Plaintiff alleges that his information is being sought without "adequate notice [or] due process of law." *Id.* at 9. For these reasons, he asks that the subpoena be quashed under Fed. R. Civ. P. 45(d)(3).

Rule 45(d)(3)(A) requires that a court quash or modify a subpoena that:
(i)  Fails to allow a reasonable time to comply;
(ii)  Requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii)  Requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv)  Subjects a person to undue burden.

Plaintiff alleges that the subpoena should be quashed under Rule 45(d)(3)(A)(iv), since he was burdened by lack of adequate notice. Motion to Quash at 9. Plaintiff's argument lacks merit. First, there is no evidence that the Trustee did not comply with procedural requirements. Second,

3

Plaintiff's actual knowledge of the subpoena warrants leniency with regard to the requirements for service. Third, Plaintiff lacks standing to challenge the subpoena. Finally, Plaintiff has not been subjected to undue burden and has no other reason to quash the subpoena.

### 1. There is Inadequate Evidence That Trustee Did Not Follow Procedural Requirements

Plaintiff has not presented adequate evidence to support his allegation that the Trustee did not comply with the procedural requirements for subpoenas. Prior to service of the subpoena on Citibank, Plaintiff received a copy of the subpoena that was to be served. While the proof of service form attached to the copy was blank, the proof of service is merely part of the official form. Objection to Motion to Quash at 5. The proof of service form also *could not* have been filled out, since the copy of the subpoena was sent to Plaintiff *before* the subpoena was served on Citibank.

### 2. Plaintiff Had Actual Knowledge of the Subpoena

Furthermore, it is clear that the subpoena *was* actually served upon Plaintiff. The attachments to Plaintiff's own motion demonstrate that he received notice of the subpoenas. [ECF Nos. 1-1; 1-2; 1-3]. Furthermore, the Trustee maintains that the subpoenas were sent to Plaintiff on September 12, 2018. Connolly Declaration [ECF No. 8-1] at ¶ 2; McClurg Declaration [ECF No. 8-5] at ¶ 6. Twelve days later, on September 24, 2018, Plaintiff filed his motion to quash in the Oregon Bankruptcy Court, demonstrating actual knowledge of the subpoenas. Oregon Motion to Quash. This filing occurred before any compliance by Citibank, meaning that he had sufficient actual notice. Objection to Motion to Quash at 5.

When the party to be served has received actual notice of a subpoena, "federal courts generally take a permissive attitude toward modest deviations from the requirements of the mechanism employed for service of process." Wright & Miller, 9A, §1074. The crucial question in determining whether improper service merits the quashing of a subpoena is whether the party alleging insufficient service of process "received notice sufficient to afford it the opportunity to appear and to be heard." *McConnell v. Anderson*, 451 F.2d 193, 197 (8th Cir. 1971). When the party served does not actually deny receipt of a subpoena, quashing that subpoena because of its failure to comply with service rules "'would only serve to torture the rules and drive up the expense of litigation'—a result that would contravene the Rule's directives." *In re Miscellaneous Subpoenas*, 2016 WL 4154889 at *2 (D.S.D. Aug. 1, 2016). There is no risk of prejudice to the non-party being

4

served with a subpoena so long as subpoenas are served "by some lesser but effective means." *Id.* at *3.

### 3. Plaintiff Lacks Standing to Challenge Subpoena

Plaintiff challenges the subpoena on the grounds of "undue burden" under Rule 45(d)(3)(A)(iv). Motion to Quash at 9. However, he lacks standing to challenge the subpoena on such grounds. "The objection that a subpoena poses an undue burden is for the nonparty served with the subpoena to assert." *Larson Manufacturing Co.*, 2017 WL 4351459, at *3 (D.S.D. September 29, 2017); *accord Shukh v. Seagate Technology, LLC*, 295 F.R.D. 228, 235 (D. Minn. 2013). When motions to quash a subpoena on the grounds of undue burden have been granted, such motions have been brought by the nonparty upon whom the subpoena has been served. *See, e.g.*, *Precourt*, 2011 WL 310740.

### 4. Plaintiff Has Not Been Subjected to Undue Burden

Finally, assuming *arguendo* that the Trustee has not met the procedural requirements for issuance of a subpoena, Plaintiff has not been subjected to undue burden as a result of such failure. In fact, Plaintiff himself is unable to articulate a cognizable burden which has been imposed upon him. Instead, he merely states that "the impossible, very terrible and undue burden to which debtor Szanto is being intentionally subjected are the trustee's improper attempts to acquire personal and private information about debtor Szanto with neither <u>adequate notice</u> nor <u>due process of law</u>." Motion to Quash at 9 (emphasis in original).

Giving Plaintiff the full benefit of the doubt, he might be understood to be arguing that (1) the information sought is privileged; and (2) he did not receive sufficient notice to object to the subpoena of privileged information. However, this argument fails. First, as discussed above, he did receive actual notice which allowed him to timely respond to the subpoenas. Second, he provides no evidence that any of the information sought is protected by privilege of any sort. There is no obvious reason why his financial records might be protected by privilege. As such, even the most favorable interpretation of Plaintiff's argument fails.

### B. Motion for Withdrawal of Bankruptcy Reference

On January 28, 2019, Plaintiff filed a Motion for Withdrawal of Reference Application from U.S. Bankruptcy Court – District of Oregon [ECF No. 18]. In this motion, Plaintiff cites 28 U.S.C. § 157(d), which allows the district court which has referred a case to its associated bankruptcy

judges to withdraw its referral. Motion for Withdrawal at 2. Section 157(d) also requires withdrawal of reference, on the timely motion of a party, "if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."

Plaintiff argues that, in addition to title 11 law, the court must adjudicate "US Trustee's abuse of the FRCP 45 law, and hence foundational Federal procedure" (*sic*). *Id.* He further argues that the declarations filed by the Trustee as attachments to its objection to his motion are in violation of 28 U.S.C. § 1746. *Id.* at 3. Finally, he argues that his bankruptcy case affects interstate commerce, since he has worked and done business in various states. *Id.* at 5.

This motion is without merit. First, any withdrawal must be to the District Court for the District of Oregon, not the District of South Dakota. Second, this case does not fall within the mandatory withdrawal provisions of § 157(d). Finally, this motion is a transparent effort to forum shop, and, as such, should be denied.

### 1. Any Withdrawal Must Be to the Oregon District Court

First, there is no basis for removal of a bankruptcy case to a district court other than the court from whom the bankruptcy reference originated. A plain reading of the text of the statute makes it clear that when § 157(d) refers to "*the* district court" which may withdraw its reference, it is referring to the district court which has issued the reference, as described in § 157(a) ("Each district court may provide that any or all cases under title 11 . . . shall be referred to the bankruptcy judges for the district."). Any withdrawal that might occur must, therefore, be by and to the District Court for the District of Oregon.

Even if withdrawal could occur in any district court, there is no connection between the South Dakota and either the underlying bankruptcy case or the adversary proceeding. This case only finds itself in a South Dakota court in any part because one subpoenaed financial institution is headquartered in the state. Plaintiff has none of the ties to South Dakota which are determinative of bankruptcy venue under 28 U.S.C. § 1408—assets, domicile or residence, or principle place of business. *See* United States Trustee's Objection to Debtor's Motion to Withdraw the Reference [ECF No. 19] ("**Objection to Motion to Withdraw**") at 4.

### 2. This Case Does Not Meet Mandatory Withdrawal Provisions

This case does not fall within the mandatory withdrawal provisions of § 157(d). Section

157(d) mandates withdrawal when a case requires consideration of material issues of non-bankruptcy federal law.  None of the issues that Plaintiff cites meet this standard.  Even assuming that his argument regarding Fed. R. Civ. P. 45 has merit, the Federal Rules of Civil Procedure are, as the name implies, procedural rules, not substantive federal laws.  And his case is clearly not one require substantive determinations regarding interstate commerce—Plaintiff's interstate activities do not exceed those of any bankruptcy filer.

Some separate attention may be due to Plaintiff's allegation that the Trustee's submitted declarations are in violation of 28 U.S.C. § 1746.  However, his argument here, raised briefly in his reply brief to the Trustee's objection, is completely without merit.  His argument is that the declarations begin "I . . . hereby declare under penalty of perjury," rather than "I declare . . . under penalty of perjury under the laws of the United States that the foregoing is true and correct."  Debtor's Reply to Motion to Quash [ECF No. 16] at 10.  However, this argument ignores the fact that § 1746 says that any declaration must subscribed "in *substantially* the following form" (emphasis added).  The difference of a few words between the subscriptions in the Trustee's declarations and the examples given § 1746 is not meaningful, and certainly not a basis for a material issue of federal law.

### 3. This Motion is an Attempt at Forum Shopping

Finally, this motion represents a transparent and bold-faced attempt at forum shopping.  As discussed above, Plaintiff has no ties to South Dakota, but seeks to have his case transferred to the South Dakota district court.  This is one of several moves that Plaintiff has made to move his case to any court other than the one he filed in.

On January 16, 2018, Plaintiff filed a motion with the Oregon bankruptcy court seeking to remove proceedings to the Central District of California.  3:16-bk-33185 Notice of Motion and Preliminary Request for Court to Issue Order to Show Cause Why Change of Venue to California Should Not Be Granted [Or. Bankr. ECF No. 348].  On January 17, 2018, this motion was denied.  Order Denying Motion [Or. Bankr. ECF No. 349].  Judge McKittrick noted that Plaintiff had voluntarily filed for bankruptcy in Oregon and had not presented any reason for a change in venue.  *Id.*

Plaintiff's attempt to shop for a friendly venue is also demonstrated by the fact that he filed identical motions to this one in two separate district courts.  Objection to Motion to Withdraw at 4

n.2. Essentially identical motions have been filed in Southern District of Indiana (case no. 1:18-mc-00061) and the Southern District of Ohio (case no. 1:18-mc-00023).  It is clear from both the documents in Plaintiff's bankruptcy case as well as his recent actions that he perceives Judge McKittrick as hostile to him and is seeking any possible way—no matter how far-fetched—to remove his case from Judge McKittrick's court.

"[R]educing forum shopping is a valid consideration for the Court in deciding whether to withdraw a reference to the bankruptcy court." *In re Case No. 13-10529*, 2015 WL 685869, at *2 (N.D. Ind. Feb. 18, 2015).  Even ignoring the other reasons to deny Plaintiff's motion, the discouragement of forum shopping provides an independent justification for denial.

### IV.  Conclusion

Plaintiff's motions both lack merit and reflect fundamental misunderstandings of the law.  The surrounding evidence makes it clear that these are the latest steps in a larger strategy by the Plaintiff of obstructing the adversary case against him by filing many frivolous and often incomprehensible motions.  As such, both motions should be denied.  Accordingly,

IT IS ORDERED:

1. That Plaintiff's Motion to Quash Subpoena to Citibank and Request for Hearing, Doc. 1, is denied.

2. That Plaintiff's Notice of Motion and Motion for Summary Granting of Motion to Quash, Doc. 12, is denied.

3. That Plaintiff's Motion for Withdrawal of Bankruptcy Reference, Doc. 18, is denied.

4. That Plaintiff's Motions for Oral Argument, Docs. 13, 17, 21, are denied.

Dated this 26th day of June, 2020.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK